**JAY S. ROTHMAN & ASSOCIATES**
JAY S. ROTHMAN, ESQ. (SBN 49739)
lawyers@jayrothmanlaw.com
LOWELL W. FINSON, ESQ. (SBN 275586)
lfinson@jayrothmanlaw.com
21900 Burbank Boulevard, Suite 210
Woodland Hills, California 91367
Tel.:  (818) 986-7870
Fax:  (818) 990-3019

Attorneys for Plaintiff,
INGRID WHITE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID WHITE, an individual, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (1) BATTERY; |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRIGULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), a business entity, form unknown; KEITH MICKENS, an individual; and DOES 1 through 50, inclusive, | (2) SEXUAL BATTERY; |
| | (3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; *AND* |
| | (4) NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE |
| Defendants. | [DEMAND FOR JURY TRIAL] |

COMES NOW, the Plaintiff, INGRID WHITE, (who hereinafter shall be referred to as "Plaintiff" or as "WHITE"), who hereby alleges, avers, and complains as follows:

///

///

///

- 1 -
COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1.  Plaintiff, an individual, is a citizen of the State of California as Plaintiff is domiciled in the State of California. Defendant INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRIGULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) (hereinafter "UAW"), a business entity, is a citizen of the State of Michigan as, upon information and belief, its headquarters are located at 8000 East Jefferson Avenue, City of Detroit, State of Michigan 48214. Defendant KEITH MICKENS (hereinafter "MICKENS"), an individual, is a citizen of the State of Michigan as MICKENS, upon information and belief, is domiciled in the State of Michigan. Plaintiff alleges that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Thus, this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332.

2.  Venue is proper in this District pursuant to 28 U.S. Code section 1391 (a), (b), and (c).

3.  Plaintiff invokes the substantive law of California, while maintaining the procedural law of this federal court. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore, Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## PARTIES

4.  Plaintiff, WHITE, is and at all times herein mentioned was a resident of Kern County, State of California, and was subject to the conduct alleged herein.

5.  Defendant, UAW, upon information and belief, is and at all times herein mentioned was an international union and employer of Defendant MICKENS, and subjected Plaintiff to the conduct alleged herein.

///

6. Defendant MICKENS, upon information and belief, is and at all times herein mentioned was an individual, employed by UAW, and subjected Plaintiff to the conduct alleged herein.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

9. Plaintiff and Defendant MICKENS met in or about 1973, while Plaintiff was attending Wayne State University. Plaintiff and Defendant MICKENS remained acquaintances in the years that followed by virtue of their having mutual friends and their association with the UAW.

10. In or about the beginning of January 2015, Defendant MICKENS telephoned Plaintiff to inform Plaintiff that he would be coming to California on a UAW business trip to attend the Image Awards on behalf of Defendant UAW in his capacity as International Representative at UAW-Chrysler National Training Center.

11. On or about February 16, 2015, Defendant MICKENS arrived in California. He was driven in a UAW-arranged limousine to Plaintiff's home in Pine Mountain Club, California, where he was to stay from on or about February 16, 2015 through on or about February 17, 2015, while in the area on UAW business.

12.     On or about February 17, 2015, the second night of Defendant MICKENS' stay, Plaintiff laid down in her bed to go to sleep. While she was lying in her bed, Defendant MICKENS approached Plaintiff from behind, placed his hand inside Plaintiff's pajamas, and began fondling Plaintiff's buttocks. Plaintiff, who has Post-Traumatic Stress Disorder (PTSD) stemming from an unrelated sexual assault that occurred in or about March 2011, entered into a state of tonic immobility caused by her chronic condition.

13.     Plaintiff is informed and believes that Defendant MICKENS was aware that Plaintiff suffered from PTSD stemming from a previous sexual assault. As a result of the sexual battery committed by Defendant MICKENS as described above, Plaintiff's symptoms of PTSD, which had been controlled immediately preceding the incident described in paragraph 12 *supra*, were triggered and/or exacerbated, and Plaintiff has experienced constant nightmares, bouts of uncontrollable crying, and panic attacks since the incident.

14.     On or about March 16, 2015, Plaintiff notified the UAW of the sexual battery incident as described in paragraph 12 *supra*. Plaintiff is informed and believes and thereon alleges that other women have complained to Defendant UAW that they were victims of sexual battery committed by Defendant MICKENS, and that therefore, Defendant UAW knew or should have known that Defendant MICKENS would engage in the type of conduct that forms the subject matter of Plaintiff's Complaint. Nevertheless, Defendant UAW failed to take any action to prevent or remedy said unlawful conduct from occurring and instead ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions committed by Defendant MICKENS against Plaintiff. Plaintiff further alleges that Defendant UAW is responsible for the harm alleged herein because Defendant MICKENS was acting as Defendant UAW's employee and/or agent when the incident occurred. Plaintiff alleges that Defendant MICKENS was at all times herein mentioned Defendant UAW's agent

and/or employee and that Defendant MICKENS was acting within the scope of his agency and/or employment when he committed the conduct and acts alleged herein against Plaintiff.

## FIRST CAUSE OF ACTION
## BATTERY
## (AGAINST UAW, MICKENS, and DOES 1 THROUGH 50)

15. Plaintiff incorporates the allegations set forth in paragraphs 1 through 14, as if set forth in full herein.

16. Plaintiff alleges that in committing the acts alleged herein, Defendant MICKENS acted with intent to cause a harmful or offensive contact with Plaintiff's person and that a harmful or offensive contact with Plaintiff's person directly or indirectly resulted.

17. Plaintiff alleges that Plaintiff did not consent to the touching by Defendant MICKENS.

18. Plaintiff alleges that Plaintiff was harmed or offended by Defendant MICKENS' conduct as above described and that a reasonable person in Plaintiff's situation would have been offended by the touching.

19. Plaintiff further alleges that Defendant MICKENS was acting as Defendant UAW's employee and/or agent and was acting within the scope of said agency and/or employment when the harmful or offensive contact alleged herein occurred, that Defendant UAW supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of Defendant MICKENS alleged herein, and based thereon, Defendant UAW is liable for the harm caused.

20. As a direct and legal result of Defendants' conduct as herein alleged, Plaintiff was harmed and offended, and Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, physical injuries, physical sickness, as well as emotional distress, plus medical

expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

21. Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein, including but not limited to, intentional battery, maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the forgoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## SECOND CAUSE OF ACTION
## SEXUAL BATTERY
## (AGAINST UAW, MICKENS, and DOES 1 THROUGH 50)

22. Plaintiff incorporates the allegations set forth in paragraphs 1 through 21, as if set forth in full herein.

23. At all times herein mentioned, California Civil Code section 1708.5 was in full force and effect and was binding on Defendants, and each of them, and Defendants were subject to its terms. Civil Code section 1708.5 provides in pertinent part that a person commits a sexual battery where that person "[a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results."

24. Defendant MICKENS, in committing the acts herein alleged, intended to cause a harmful or offensive contact with an intimate part of Plaintiff's person, and a sexually offensive contact with Plaintiff directly or indirectly resulted.

25. Plaintiff did not consent to Defendant MICKENS' harmful or offensive contact with an intimate part of Plaintiff's person.

26. Plaintiff alleges that Plaintiff was harmed or offended by Defendant MICKENS' conduct as above described and that a reasonable person in Plaintiff's situation would have been offended by the touching.

27. Plaintiff further alleges that Defendant MICKENS was acting as Defendant UAW's employee and/or agent and was acting within the scope of said agency and/or employment when the harmful or offensive contact alleged herein occurred, that Defendant UAW supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of Defendant MICKENS alleged herein, and based thereon, Defendant UAW is liable for the harm caused.

28. As a direct and legal result of Defendants' conduct as herein alleged, Plaintiff was harmed and offended, and Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

29. Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein, including but not limited to, intentional sexual battery, maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the forgoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST UAW, MICKENS, and DOES 1 THROUGH 50)

30. The allegations of paragraphs 1 through 29 are re-alleged and incorporated herein by reference as though fully set forth herein.

31. Defendants' conduct of, including but not limited to, committing battery, committing sexual battery, failing to take any action to prevent or remedy said unlawful conduct from occurring and ratifying, controlling, acquiescing in,

adopting, directing, substantially participating in, and/or approving the acts, errors, or omissions committed against Plaintiff as alleged herein, constitutes extreme and outrageous conduct, as described in more detail above. Defendants' conduct was extreme and outrageous as to go beyond all possible bounds of decency, and was so atrocious, and utterly intolerable in a civilized community.

32. Defendants' conduct was intentional or done with reckless disregard of causing Plaintiff severe emotional distress.

33. Moreover, Plaintiff alleges that Defendants' conduct as described in greater detail above was committed in the face of knowledge that Plaintiff was particularly susceptible to the emotional distress Plaintiff suffered as Plaintiff alleges that Defendants were aware that Plaintiff suffered from PTSD stemming from a previous sexual assault.

34. As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, and other damages to be determined at trial according to proof.

35. Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein, including but not limited to, intentional battery and sexual battery, maliciously, fraudulently, oppressively, with the wrongful intention of injuring the Plaintiff, from an improper purpose and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Based upon the forgoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION, OR RETENTION OF EMPLOYEE
### (AGAINST UAW and DOES 1 THROUGH 50)

36. The allegations of paragraphs 1 through 35 are re-alleged and incorporated herein by reference as though fully set forth herein.

37. Plaintiff alleges that she was harmed by Defendant MICKENS in the manner described in greater detail above and that Defendant UAW is responsible for that harm because Defendant UAW negligently hired, supervised and/or retained Defendant MICKENS.

38. Plaintiff alleges on information and belief that Defendant MICKENS was unfit to perform the work for which he was hired to perform by Defendant UAW.

39. Plaintiff alleges on information and belief that Defendant UAW knew or should have known that Defendant MICKENS was unfit and that this unfitness created a particular risk to others, including but not limited to, Plaintiff WHITE.

40. Plaintiff alleges on information and belief that Defendant MICKENS' unfitness harmed Plaintiff WHITE.

41. Plaintiff alleges on information and belief that Defendant UAW's negligence in hiring, supervising, and/or retaining Defendant MICKENS was a substantial factor in causing Plaintiff's harm as described in greater detail above.

42. As a direct and legal result of Defendants' conduct as herein alleged, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WHITE requests for relief against Defendants as follows:

1. For general damages, including but not limited to, damages for *physical injuries and/or physical sickness*, according to proof;
2. For special damages according to proof, including but not limited to, reasonable medical expenses;
3. For punitive damages according to proof;
4. For prejudgment interest;

5. For costs incurred by Plaintiffs, including reasonable attorney's fees and costs of suit;

6. For such other and further relief as the Court may deem just and proper.

DATED: October 28, 2015          JAY S. ROTHMAN & ASSOCIATES

By: _____
LOWELL W. FINSON
Attorneys for Plaintiff,
INGRID WHITE

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

DATED: October 7, 2015          JAY S. ROTHMAN & ASSOCIATES

By: _____
LOWELL W. FINSON
Attorneys for Plaintiff,
INGRID WHITE