# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID WHITE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; KEITH MICKENS; DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 1:15-CV-01636-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS.<br><br><br>(Doc. 5) |

　　　　Plaintiff Ingrid White ("Plaintiff") brought this action against Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), Keith Mickens ("Mickens"), and Does 1-50, inclusive. Doc. 1. This action seeks to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 to adjudicate various state law claims arising from events that allegedly occurred on or about February 16, 2015. *Id.* UAW filed the pending motion to dismiss on December 1, 2015. Doc. 5. As Plaintiff failed to file a timely opposition (Doc. 6), the Court has determined that the matters are appropriate for resolution without oral argument. *See* Local Rule 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court GRANTS UAW's motion and DISMISSES the complaint.

## BACKGROUND

### I.　Factual Allegations

　　　　The following factual allegations are drawn from Plaintiff's complaint (Doc. 1).

　　　　Plaintiff is a resident of Kern County, in the state of California. Doc. 1 ¶ 4. UAW is a "business entity" headquartered in the state of Michigan. *Id.* ¶ 1. Mickens is an employee of UAW and a citizen of the state of Michigan. *Id.*

Plaintiff and Mickens met in or about 1973, while Plaintiff was attending Wayne State University. *Id.* ¶ 9. They remained acquaintances in subsequent years because they had mutual friends and because of their association with UAW. *Id.*

In or about the beginning of January 2015, Mickens telephoned Plaintiff to inform her that he would be coming to California on a UAW business trip to attend the Image Awards on behalf of UAW in his capacity as the International Representative at UAW-Chrysler National Training Center. *Id.* ¶ 10. On or about February 16, 2015, Mickens arrived in California, and was driven in a UAW-arranged limousine to Plaintiff's home in Pine Mountain Club, California, where he was to stay from on or about February 16, 2015 through February 17, 2015, while in the area for UAW business. *Id.* ¶ 11.

On or about February 17, 2015, which was the second night of Mickens' stay, as Plaintiff was lying in her bed to go to sleep, Mickens approached Plaintiff from behind, placed his hand inside her pajamas, and began fondling her buttocks. *Id.* ¶ 12. Plaintiff, who suffers from Post-Traumatic Stress Disorder ("PTSD") as a result from an unrelated sexual assault that occurred in or around March 2011, then entered into a state of "tonic immobility." *Id.*

Plaintiff is informed and believed that Mickens was aware that she suffered from PTSD stemming from a previous sexual assault. *Id.* ¶ 13. Because of the actions taken by Mickens, Plaintiff's PTSD symptoms, which had been controlled immediately preceding the incident, were "triggered and/or exacerbated," and have caused Plaintiff to experience constant nightmares, bouts of uncontrollable crying, and panic attacks since February 17, 2015. *Id.*

On or about March 16, 2015, Plaintiff notified UAW of Mickens' actions at her home. *Id.* ¶ 14. Plaintiff is informed and believes that other women have complained to UAW that they were victims of sexual battery committed by Mickens, and that UAW knew or should have known that Mickens would engage in this type of conduct. *Id.* UAW failed to take any action to prevent or remedy said unlawful conduct from occurring and instead "ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions" committed by Mickens against Plaintiff. *Id.* Plaintiff alleges that UAW is responsible for Mickens'

actions because Mickens was acting as UAW's employee and/or agent, and was acting within the scope of his agency and/or employment when the incident described above occurred. *Id.*

## II. Procedural Background

Plaintiff filed the original complaint with this Court on October 28, 2015. Doc. 1. The complaint alleges against UAW, Mickens, and Does 1-50 the torts of battery, sexual battery, and intentional infliction of emotional distress, and against UAW and Does I-50, the tort of negligent hiring, supervision, or retention of employee. *Id.*, at 5-9. On these bases, Plaintiff requests general damages, special damages, punitive damages, prejudgment interest, costs incurred, and other and further relief that the Court may deem just and proper. *Id.*, at 9-10. Plaintiff asserts that the Court has diversity jurisdiction, under 28 U.S.C. § 1332, because she is a citizen of California, UAW is a citizen of Michigan, Mickens is a citizen of Michigan, and because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. *Id.*, at 2.

On December 1, 2015, UAW moved to dismiss the Complaint for lack of subject jurisdiction. Doc. 5. Plaintiff did not file a response. Doc. 6. The matter is now ripe for review.

## LEGAL STANDARD

Federal courts are "courts of limited jurisdiction." *Gunn v. Minton*, ___ U.S. ___, 133 S.Ct. 1059, 1064 (2013). They possess only the power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Relevant here, Article III, Section 2 of the Constitution authorizes jurisdiction for district courts to hear suits between citizens of different states. The requirements for diversity jurisdiction are set forth in 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state."

"To invoke a federal court's subject matter jurisdiction, a plaintiff needs to provide only a 'short and plain statement of the grounds for the court's jurisdiction,'" as required by Rule 8(a)(1), and "must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S.

662 (2009)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A party may raise a challenge to the court's exercise of jurisdiction over the subject matter of an action under Federal Rule of Civil Procedure 12(b)(1). Faced with a Rule 12(b)(1) motion, a party seeking to establish diversity jurisdiction bears the burden of proving the existence of such jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a "facial" attack, the challenger accepts as true the plaintiff's allegations but "asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a "factual" attack, the challenger "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121. "In such circumstances, a court may examine extrinsic evidence without converting the motion to one for summary judgment, and there is no presumption of the truthfulness of the Plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. Moreover, the plaintiff "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite*, 749 F.3d at 1121.

**DISCUSSION**

There are two requirements for the proper exercise of this Court's diversity jurisdiction. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (citing 28 U.S.C. § 1332(a)(1)). The first requirement is "complete diversity" of the parties, meaning that "no plaintiff can be a citizen of the same state as any of the defendants." *Majestic Ins. Co. v. Allianz Intern. Ins. Co.*, 133 F.Supp.2d 1218 (1220) (N.D. Cal. 2001) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). The second requirement is that the amount in controversy exceeds $75,000. *Naffe*, 789 F.3d at 1039.

At issue in this case is the first requirement—complete diversity. Plaintiff's complaint alleges that UAW is a "business entity" headquartered in Detroit, and a citizen of Michigan. Doc. 1, at 2. By contrast, UAW describes itself as an "unincorporated association and a labor organization that represents members residing throughout the nation, including California." Doc. 5-1, at 1.

4

1  UAW's motion contends that Plaintiff's complaint fails to satisfy the requirement of complete
2  diversity because Plaintiff and UAW are both citizens of California. *Id.*, at 2. Specifically, UAW
3  asserts that because thousands of UAW members are actively employed in California and that all or
4  nearly all of these active members are domiciled in California, UAW is a citizen of California for
5  the purpose of determining diversity jurisdiction. *Id.*, at 6-7. In support of its motion, UAW has
6  included the sworn declaration of Jeffrey D. Sodko, Deputy General Counsel of UAW, averring
7  that more than 9,000 UAW members were actively employed in California and that all or nearly all
8  of these active members were domiciled in California during the last twelve months. Doc. 5-2 ¶ 4.
9  Accordingly, UAW's motion is a factual attack, as it "relie[s] on extrinsic evidence and [does] not
10 assert lack of subject matter jurisdiction solely on the basis of the pleadings," and the Court may
11 review this extrinsic evidence to determine whether it has jurisdiction, without converting the
12 motion into one for summary judgment. *See Safe Air for Everyone*, 373 F.3d at 1039.
13        28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any
14 State by which it has been incorporated and of the State where it has its principal place of
15 business." However, although the statute does not specify how the citizenship of an unincorporated
16 entity should be determined, the Supreme Court has established an "oft-repeated rule that diversity
17 jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' [ ] 'the
18 several persons composing such association', [and] 'each of its members.'" *Carden v. Arkoma*
19 *Assocs*, 494 U.S. 185, 195-96 (1990) (internal citations omitted). Relevant here, the Supreme Court
20 has held that an unincorporated labor union should not be treated as a corporation for the purposes
21 of diversity jurisdiction; rather, the citizenship of its members must be considered when evaluating
22 diversity jurisdiction. *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.,* 382 U.S. 145
23 (1965) (affirming the Fourth Circuit's decision to remand case to North Carolina state court for lack
24 of diversity jurisdiction because members of labor union defendant resided in North Carolina, even
25 though union was headquartered elsewhere). As the Ninth Circuit has noted, "the Supreme Court
26 has consistently maintained for purposes of diversity jurisdiction a strict dichotomy between
27 entities incorporated under state law and those enjoying some other status." *Kuntz v. Lamar Corp.*,
28 385 F.3d 1177, 1183 (9th Cir. 2004); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541

5

U.S. 567, 569-70 (2004) (a limited partnership created under Texas law was nevertheless a Mexican citizen because two partners were Mexican citizens at the time the suit was filed).

UAW has proffered extrinsic evidence that it is an unincorporated labor union with several thousand members who are residents of California. Doc. 5-2. Under the standard set forth by the Supreme Court, UAW is a citizen of California. *See Bouligny*, 382 U.S. at 147-48. Thus, Plaintiff must now "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). However, as noted above, Plaintiff has failed to do so, as she did not file a response to UAW's motion to dismiss and has not provided any evidence that could show that UAW is not a citizen of California. *See* Doc. 6. Plaintiff's complaint merely alleged that UAW is a "business entity" and a citizen of Michigan. Doc. 1 ¶ 1. This allegation, which the Court need not presume as truthful, is contradicted by UAW's evidence, which demonstrates that UAW is a citizen of California for diversity purposes. *See Safe Air for Everyone*, 373 F.3d at 1039. Based on the evidence before it, the Court concludes that because Plaintiff and UAW are both citizens of California, this case lacks complete diversity, and dismissal of the complaint is appropriate. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION AND ORDER

The Court has determined, *supra*, that Plaintiff has not met the requirements for the proper exercise of diversity jurisdiction. Accordingly, Defendant UAW's motion to dismiss (Doc. 5) is **GRANTED** and the action is **DISMISSED.**
IT IS SO ORDERED.

Dated: **January 5, 2016**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE